# WALLACE & ASSOCIATES, P.C.

ATTORNEYS AND COUNSELORS AT LAW
ONE BROOKLYN BRIDGE PARK
360 FURMAN STREET, SUITE 723
BROOKLYN, NY 11201
Telephone (718) 596-6146 (914) 224-6411 Facsimile (914) 612-8116
E-Mail: wallacelaw.com@gmail.com

*Larry Wallace, Principal*

May 8, 2014

**Via Filing and Electronic Mail**
Judge Katherine B. Forrest
United States District Court
Southern District oif New York
500 Pearl Street, Room 1950
New York, NY 10007

    Re:    Nikki Watson-Tobah v Royal Moving & Storage, Inc.
            Civil Action No.: 1:13-cv-7483

Dear Judge Forrest:

    I represent the plaintiffs in the referenced matter, and write in response defendants' letter of May 7, 2014. Defendants seek without limitation, the entire employment file of the plaintiff, who was and is still employed by the New York City Police Department ("NYPD").

    Defendants concede in their May 7, 2014 letter that plaintiff has already provided an authorization for any medical records contained in the NYPD employment file. Plaintiff has no objection to providing any and all wage information to establish any loss of income. Plaintiff objects to the overly broad nature of the demand for the entire employment file. Furthermore, plaintiff does not have authority to give a third party access to her entire employment file based upon restrictions lawfully preventing their release by the NYPD.

    Unlike Bonta v Accor N. Am,, Inc. 210 U,S, Dist. (W.D.N.Y. 2010) and the other cases cited by defendants, here, plaintiff is not making a claim for "lost benefits, lost career opportunities", where the defendants there were entitled to discovery of the plaintiff's tax records, SSDI and employment records. Notably, under New York State Insurance law, applicable to this case, an injured motorist entitled to lost earnings can be compensated up to $50,000.00.[1] Plaintiff's injuries have not come close to exceeding that threshold since she returned to work shortly after her surgery.

    As the court stated in Shurtleff v. Cinemark USA, Inc., (Dist. Court, D. Utah 2014), quashing a subpoena for employment records stated that "blanket requests for all documents related to plaintiff's employment" are "overly broad", citing Equal Emp't Opportunity Comm'n v. Holmes & Holmes Indus., Inc., No. 2:10-cv-955-DAK-PMW, 2011 U.S. Dist. LEXIS 124916 and Richards, 2007 U.S. Dist. LEXIS 9131.

---

[1]Insurance Law § 5104 [a].

May 8, 2014
Page 2

*New York Law Prevents a Police Officer from Accessing Her Entire Employment File So Plaintiff, a Police Officer Cannot Give Such Broad Authority to Defendants*

In <u>Matter of 35 New York City Police Officers v. City of New York</u>, 34 AD 3d 392 , the court noted that "the Police Department's policy—apparently unchallenged when enacted—restricting access to personnel records is well within the Police Commissioner's discretion and broad powers granted by New York City Charter § 434". [2] The court went on to state: "As between respondent Police Department and nonparty ..., the Police Department must be the one able to control and dictate who may have access to its employees' personnel records, as well as when, and under what circumstances access should be permitted",  34 AD 3d at 394. The court noted that the New York City Police Department has established certain procedures regarding employee access to personnel records: "[I]t is the policy of the Police Department to provide the officer's name, last job title, last salary, dates of employment, whether active or separated, and, if separated from service, the reason, after the Department's Personnel Records Unit receives both a written request from an outside entity and an employee release" and that "the Police Department has modified its policy to provide additional information, to wit, whether there are any serious, negative notations in the employee's file and whether, based on the records of the Department's Internal Affairs Bureau, the member is considered a "good employee." It is plaintiff's position that only a court ordered subpoena issued to the NYPD will allow release of plaintiff's entire employment file since plaintiff is expressly prevented from doing so.

In this case, plaintiff has provided an authorization for all medical records in her employment file and has no objection to release of all wage information and attendance records, limited to a reasonable period prior to the accident.

Sincerely,

Larry Wallace

cc:

Rawle & Henderson LLP
Christina M. Rogers-Spang, Esq. (Via E-filing and fax)

---

[2] New York City Charter §  434.  Commissioner; powers and duties.  a. The commissioner shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of  the department. b. The commissioner  shall be the chief executive officer of the  police force.t.  He shall be chargeable  with  and  responsible or  the execution of all laws and the rules and regulations of the department.