# RAWLE & HENDERSON LLP



CHRISTINA M. ROGERS-SPANG
212-323-7080
crogers-spang@rawle.com

The Nation's Oldest Law Office · Established in 1783

www.rawle.com

14 WALL STREET
27TH FLOOR
NEW YORK, NY 10005

TELEPHONE:(212) 323-7080
FACSIMILE:(212) 323-7099

May 7, 2014

*Via Electronic Filing and Electronic Mail*

Judge Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 1 2 2014
```

Re:   Nikki Watson-Tobah v. Royal Moving & Storage, Inc. and Louis Da-Silva
      Civil Action No.: 1:13-cv-7483
      Our File No. 803192

Dear Judge Forrest:

We represent Defendants in the above-referenced matter.

We write herein in accordance with Your Honor's individual rules and Local Civil Rule 37.2.

We requested that plaintiff's counsel provide an authorization for plaintiff's entire employment file with her employer the New York City Police Department. Plaintiff's counsel previously produced an employment authorization but it was limited to just plaintiff's medical records that the New York City Police Department may have.

Defendants requested an authorization for Plaintiff's entire employment file as it may contain information about attendance, prior on-the-job injuries, claims for Workers' Compensation and any claims for disability. In addition, Plaintiff has a lost wage claim and, as such, her employment records will include information about her salary. Plaintiff's employment records may contain information regarding whether or not she had a pre-existing back injury or a pre-existing condition that contributed to her injuries in this case. Defendants are entitled to the foregoing to defend on the issue of damages and causation.

Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter in the pending action. Fed. R.

# RAWLE & HENDERSON LLP

May 7, 2014
Page 2

Civ. P. 26(b) (1) Discovery of the foregoing is reasonably calculated to lead to evidence that would be admissible as part of plaintiff's claims and defendants' defenses. Fed. R. Civ. P. 26(b). *See* Meletiche v. Holiday Inn Worldwide, 1996 U.S. Dist. LEXIS 6232, 1996 WL 239893 (S.D.N.Y 1996); Bonta v. Accor N. Am., Inc., 2010 U.S. Dist. LEXIS 82804, 2010 WL 2869535 (W.D.N.Y 2010); Howard v. United States, 2010 U.S. Dist. LEXIS 114901 (W.D.N.Y 2010), Robinson v. United States, 205 F.R.D. 104, 2001 U.S. Dist. LEXIS 21159 (W.D.N.Y 2001); Serin v. N. Leasing Sys., 2010 U.S. Dist. LEXIS 142700; 2010 WL 6501659 (S.D.N.Y 2010).

On Monday May 5, 2014, the undersigned spoke with plaintiff's trial counsel, via telephone, regarding the providing of an authorization to obtain a complete copy of plaintiff's employment file. The meet and confer process did not resolve the foregoing discovery dispute.

As such, Defendants now bring this letter motion requesting an authorization to obtain plaintiff's entire employment file including, but not limited to, information about attendance, any write-ups for time lost from work, prior on-the-job injuries, claims for Workers' Compensation, any claims for disability and salary information.

We sincerely appreciate Your Honor's attention to this matter.

Respectfully submitted,

RAWLE & HENDERSON LLP

*Christina M. Rogers-Spang*

By:
Christina M. Rogers-Spang

CRS/
Enc.

cc: Larry Wallace, Esq. (Via Electronic Filing and Facsimile)

7347234-1

---

**Ordered**

the entire file meets the broad requirements of F.R.C.P. 26. Motion to compel granted.

5/9/14    K. B. Jon
            USDJ